UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH J. CARROLL,

            Plaintiff,

-vs-

CITY OF MOUNT VERNON,

ERNEST D. DAVIS, Individually and as Mayor
of the City of Mount Vernon

CITY OF MOUNT VERNON DEPARTMENT OF FIRE,

and

NICHOLAS CICCHETTI, Individually and as Commissioner
of Fire for the City of Mount Vernon

            Defendants.

**COMPLAINT**

**Index No.** _____

07 CIV 11577

BRIEANT

---

The Plaintiff, by his attorneys Chiacchia & Fleming, LLP, Andrew P. Fleming, Esq., *of counsel*, as and for his Complaint against the Defendants, hereby alleges that:

## NATURE OF CLAIM

1. This is an action brought pursuant to 42 U.S.C. § 1983 to remedy violations of the Equal Protection and Due Process clauses of the United States Constitution.

2. Equitable relief, including appointment of Plaintiff to the applicable promotional position, together with money damages, including back pay, front pay, compensatory damages, attorneys' fees and other appropriate legal relief are sought.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C §§ 1331 and 1343 as the matters arise under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983.

4. Venue is proper in the Southern District of New York as the events and actions complained of occurred herein.

## PARTIES

5. At all times hereinafter mentioned the Plaintiff, JOSEPH J. CARROLL, (hereinafter "CARROLL") is an individual and New York resident residing in the County of Westchester.

6. At all times hereinafter mentioned, and upon information and belief, Defendant CITY OF MOUNT VERNON (hereinafter referred to as "CITY") was and still is a domestic municipal corporation organized and existing under the laws of the State of New York. At all relevant times herein, the CITY was and is Plaintiff's employer.

7. At all times hereinafter mentioned, and upon information and belief, Defendant ERNEST D. DAVIS (hereinafter "MAYOR") was and remains the Mayor of the City of Mount Vernon.

8. At all times hereinafter mentioned, and upon information and belief, Defendant CITY OF MOUNT VERNON DEPARTMENT OF FIRE (hereinafter referred to as "DEPARTMENT") was and still is a domestic municipal entity duly organized and existing under the laws of the State of New York. DEPARTMENT was and is Plaintiff's employer.

9. At all times hereinafter mentioned, and upon information and belief, Defendant NICHOLAS CICCHETTI (hereinafter referred to as "COMMISSIONER") was and still is a resident of the County of Westchester and State of New York and, upon information and belief, the

Commissioner of Fire for Defendant DEPARTMENT and is sued in both his official and individual capacities.

## STATEMENT OF CLAIM

10. In or around 1979, a fraternal organization known as the Vulcan Society of Westchester County, Inc., together with other plaintiffs, commenced a lawsuit against numerous defendants, including Defendants CITY and DEPARTMENT herein.

11. On or around April 17, 1981, the parties entered into a Consent Decree.

12. The Consent Decree governs some aspects as they relate to the CITY's and DEPARTMENT's civil service testing, scoring, ranking, hiring and promotions of applicants and employees. New York State Civil Service Law governs the aspects not provided for in the Consent Decree.

13. Plaintiff began his employment in the DEPARTMENT in 1988 and currently holds the position of Firefighter.

14. On or about March 27, 2004, Plaintiff took and passed the promotional Civil Service Examination No.: 75-608 for Fire Lieutenant.

15. The civil service list for said examination was created on or about July 19, 2004.

16. Plaintiff ranked 9th on the list. However, after several appointments were made from the list, Plaintiff ranked 3rd on the list and, thereby, became eligible to interview and be selected for the next available appointment.

17. On or about January 9, 2006, Fire Commissioner Nick Cicchetti requested that the list be extended for a year, thereby making the list expire on July 18, 2007.

18. Upon information and belief, one appointment was made from said list subsequent

to its original expiration date of July 18, 2006.

19. On or around March 14, 2007, Plaintiff was interviewed for a vacant position of Fire Lieutenant. However, Plaintiff was not hired for said position and Plaintiff's rank moved to 2nd on the list.

20. By June 2007, two more Fire Lieutenant vacancies occurred which allowed both Plaintiff and the individual ranking 1st on the list to be promoted.

21. Plaintiff was notified to appear for an interview at the Mayor's office on July 5, 2007.

22. Plaintiff appeared for said meeting, whereupon he encountered numerous members of the Vulcan Society who had gathered to protest the appointment of Plaintiff.

23. Ultimately, Plaintiff was informed by the CITY's Chief of Staff, John DiBlasi, that although everything "looked good" for Plaintiff's promotion, it was not going to happen because the Vulcans had challenged and opposed the promotions.

24. Thereafter, on or about July 10, 2007, the CITY promulgated a new civil service list, thereby, expiring the 2004 list that Plaintiff appeared on.

25. As a result of the foregoing, Plaintiff has lost various economic opportunities, including increased salary and benefits over the course of the last four months. Moreover, Plaintiff is now at least four months behind in his ability to move up the ranks of the DEPARTMENT.

26. Moreover, upon retaking the Civil Service Examination in March 2007, Plaintiff was ranked only at position 16 and, as a result, is not now eligible for promotion. In addition, the Plaintiff, in order to once again become eligible for promotion on any new Civil Service list will have to wait to re-take his Civil Service Examination. All of the time and effort put in by the Plaintiff to pass his test in the past will have been for nought if the relief requested herein is not granted. The long-term effects on Plaintiff's earnings, employment and pension benefits, and career is significant.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS

27. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "26" of this Complaint with the same force and effect as if fully set forth herein.

28. Defendants discriminated against Plaintiff in the terms and conditions of his employment because of his race and treated him differently than persons similarly situated to Plaintiff.

29. Defendants cannot provide a rational basis for the disparate treatment.

30. The actions of the Defendants, acting under color of state law, served to deprive Plaintiff of his clearly established rights to Equal Protection under the law as guaranteed by the United States Constitution.

31. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the Defendants' discriminatory practices unless and until this Court grants relief and an award, *inter alia*, of immediate appointment and/or reinstatement of Plaintiff to the applicable promotional position, together with back pay, front pay, reimbursement for lost benefits and compensatory damages against the Defendants, including an award for his past and future pain and suffering.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS

32. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "31" of this Complaint with the same force and effect as if fully set forth herein.

33. Defendants discriminated against Plaintiff in the terms and conditions of his employment because of his race.

34. In or around May 2007, Plaintiff was the next eligible and qualified candidate for the

vacant position of Fire Lieutenant.

35. Plaintiff had a protected property interest, as the last eligible candidate for promotion, to an appointment to said vacancy.

36. Plaintiff was not promoted to said vacancy on the basis of his race.

37. The actions of the Defendants, acting under color of state law, served to deprive Plaintiff of his clearly established rights to Due Process under the law as guaranteed by the United States Constitution.

38. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the Defendants' discriminatory practices unless and until this Court grants relief and an award, *inter alia*, of immediate appointment and/or reinstatement of Plaintiff to the applicable promotional position, together with back pay, front pay, reimbursement for lost benefits and compensatory damages against the Defendants, including an award for his past and future pain and suffering.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants as follows:

(A) An award of damages for Plaintiff, including back pay, front pay, reimbursement for lost employment benefits, lost pension accumulation and earnings and compensatory damages, in such amounts to be determined by the trier of fact;

(B) An order promoting Plaintiff to the position of Fire Lieutenant;

(C) A Declaratory Judgment that the refusal to appoint an eligible individual, on the basis of race is unlawful and in violation of the United States Constitution; and

(E) An award of costs and disbursements necessary to this action, attorneys' fees, and for such other relief as this Court deems just and proper.

Dated: December 12, 2007
       Hamburg, New York

                                                                          Andrew P. Fleming, Esq., *Of Counsel*
                                                                          **CHIACCHIA & FLEMING, LLP**
                                                                          *Attorneys for Plaintiffs*
                                                                          5113 South Park Avenue
                                                                          Hamburg, New York 14075
                                                                          Telephone: (716) 648-3030
                                                                          E-Mail: andy@cf-legal.com

S:\MyFIles\CLIENTS\Carroll.Joseph\MountVernon.101\complaint.wpd