UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH J. CARROLL,                                   Index No.:    07-CV-11577

                      Plaintiff,

   -against-

CITY OF MOUNT VERNON,

ERNEST D. DAVIS, Individually and as Mayor
of the City of Mount Vernon

CITY OF MOUNT VERNON DEPARTMENT
OF FIRE,

and

NICHOLAS CICCHETTI, Individually and as
Commissioner of Fire for the City of Mount Vernon

                      Defendants.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

Page

THE COMPLAINT ................................................................................................................... 1

ARGUMENT .............................................................................................................................. 3

   POINT I
     STANDARD OF REVIEW ............................................................................................ 3

   POINT II
     THE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON
     WHICH RELIEF CAN BE GRANTED UNDER 42 U.S.C. § 1983 ................................ 6

       A.  Plaintiff's Claims Under 42 U.S.C. § 1983 Must Be Dismissed As To Defendant
           City Of Mount Vernon Because Plaintiff Has Failed To Plead A *Monell* Claim ........ 6

       B.  The Section 1983 Claims Against The Individual Defendants Must Be Dismissed .. 8

       C.  The Plaintiff's Equal Protection Claim Is Too Conclusory ......................................... 9

       D.  Plaintiff Does Not Have A Constitutionally Protected Property
           Interest In Being Promoted ........................................................................................ 11

CONCLUSION ......................................................................................................................... 13

## THE COMPLAINT

Plaintiff began his employment with the City of Mount Vernon Fire Department in 1988 and currently holds the position of Firefighter (Complaint at ¶13). On or about March 27, 2004, Plaintiff took and passed the promotional Civil Service Examination No.: 75-608 for Fire Lieutenant (Complaint at ¶15). The civil service list for said examination was created on or about July 19, 2004 (Complaint at ¶15). Plaintiff ranked 9th on the list. (Complaint at ¶ 16). However, after several appointments were made from the list, Plaintiff moved up the list so that he was ranked 3rd, thereby becoming eligible to interview and be selected for the next available appointment (Complaint at ¶16).

On or about January 9, 2006, Fire Commissioner Nicholas Cicchetti requested that the list be extended for a year, thereby making the list expire on July 18, 2007 (Complaint at ¶17). Upon information and belief, one appointment was made from said list subsequent to its original expiration date of July 18, 2006 (Complaint at ¶18). The Complaint does not set forth the race of the individual who was appointed or provide any identifying information as to who this individual was.

On or around March 14, 2007, Plaintiff was interviewed for a vacant position of Fire Lieutenant. However, Plaintiff was not hired for said position and Plaintiff's rank moved to 2nd position on the list (Complaint at ¶19). The Complaint does not allege the race of the individual who was hired or provide any other identifying information as to who this individual was. By June 2007, two more Fire Lieutenant vacancies occurred which allowed both Plaintiff and the individual ranking 1st on the list to be promoted (Complaint at ¶20). The Complaint does not allege the race of the first ranked individual or whether that person was appointed.

Plaintiff was notified to appear for an interview at the Mayor's office on July 5, 2007 (Complaint at ¶21). Plaintiff appeared for said meeting, whereupon he encountered numerous

members of the Vulcan Society who had gathered to protest the appointment of Plaintiff (Complaint at ¶22). Other than identifying it as some sort of "fraternal organization" (complaint at ¶ 10), the Complaint does not allege what the Vulcan Society is, why it was protesting Plaintiff's appointment, or whether or which City official was aware of the specific nature of those protests.

Ultimately, Plaintiff was informed by the City's Chief of Staff, John DiBlasi, that although everything "looked good" for Plaintiff's promotion, it was not going to happen because the Vulcans had challenged and opposed the promotion (Complaint at ¶23). The Complaint does not allege why the Vulcans opposed Plaintiff's promotion, and notably absent is any allegation that the Vulcan's opposition had anything to do with Plaintiff's race. In fact, the Complaint even fails allege the race of the Plaintiff. The Complaint also does not allege that any individual of a different race was appointed to the position in question, nor does it allege that such individual was unqualified for the position.

On or about July 10, 2007, the City promulgated a new civil service list, thereby, expiring the 2004 list that Plaintiff appeared on (Complaint at ¶25). Upon retaking the Civil Service Examination in March 2007, Plaintiff now ranks only at position 16 and, consequently, is not presently eligible for promotion (Complaint at ¶26).

The present litigation ensued.

## ARGUMENT

### POINT I

### STANDARD OF REVIEW

The United States Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955 (May 21, 2007) controls this case.

It is undisputed that prior to *Twombly* the applicable standard of review for motions to dismiss was governed by *Conley v. Gibson*, 355 U.S. 41 (1957). In *Twombly*, however, the United States Supreme Court "explicitly disavowed the oft-quoted statement in *Conley*…'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Iqbal v. Hasty*, 490 F.3d 143, 155 (2d Cir. June 14, 2007)(explaining the implications of *Twombly* on "the standard for assessing the adequacy of pleadings"). Ringing the death knell for *Conley*, the *Twombly* Court held that the "no set of facts" language "has earned its retirement" and "is best forgotten." *Twombly*, 127 S. Ct. at 1969.

In *Conley*'s place, the Court announced a new standard by which courts should adjudge the adequacy of pleadings. Now, to survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. As the Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65. Rather, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and the line "between the factually neutral and the factually suggestive…must be crossed to enter the realm of plausible liability." *Id.* at 1965, 1966 n. 5; *Blanco v. Brogan*, 2007 U.S. Dist. Lexis 86890, *S (S.D.N.Y.

2007) (Brieant, J.) ("the Plaintiff must allege some facts that support the elements of the claim alleged, in order to defeat [a motion to dismiss]"). Thus, the new governing standard is one of "plausibility," not conclusory speculation. *Twombly*, 127 S. Ct. at 1968.

Since this new standard has been strictly applied in employment discrimination cases, it governs this case. *See, e.g., Marrero-Gutierrez v. Molina*, 491 F.3d 1, 9-10 (1st Cir. 2007) (affirming dismissal of wrongful demotion claim where allegations in complaint were too speculative to draw inference of discrimination) *citing Twombly; Blanco*, 2007 U.S. Dist. Lexis (Brieant, J.) (dismissing sex-based discrimination claims against Police Chief and municipal employer brought by police officer); *Reyes v. City Univ. of N.Y.*, 2007 WL 2186961, *5 (S.D.N.Y. 2007)(dismissing retaliation claim on a motion to dismiss in light of *Twombly* because Plaintiff "has not 'amplif[ied] his claim with some factual allegation in those contexts where some amplification is needed to render the claim plausible.'")[1]

As will be demonstrated below, the Complaint in this case is completely devoid of any allegations that push it across the line of pure speculation and into the realm of plausibility. It must therefore be dismissed. *See Twombly*, 127 S. Ct. at 1973 n. 14 ("the complaint warranted dismissal because it failed *in toto* to render Plaintiffs' entitlement to relief plausible"). Indeed, the Complaint contains only a bold conclusion that plaintiff was not appointed to the position at issue because of his race.

Even prior to *Twombly* courts had held that, "allegations that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the Plaintiff

---

[1] *See also Green v. DOD Dependent Sch. Europe.*, 2007 WL 2840440, *1-2 (D.D.C. 2007)(granting employer's 12(b)(6) motion in employment discrimination case; "A Rule 12(b)(6) motion should be granted if the Plaintiff does not provide 'enough facts to state a claim of relief that is plausible on its face.'") *quoting Twombly; Sibley v. Putt*, 2007 WL 2840392 (S.D. Ohio 2007)(granting 12(b)(6) motion dismissing Title VII, ADEA, and ADA claims brought by employee against employer) *citing Twombly; Hollman v. Millstone Bangert, Inc.*, 2007 WL 2860399, *1 (E.D. Mo. 2007)(applying *Twombly* and dismissing "claims of employment discrimination based on race and gender, retaliation, and harassment under Title VII").

complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim." *Mehrhoff v. William Floyd School District*, 2005 WL 2077292, *3 (E.D.N.Y. 2005) *citing Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir. 1987); *accord Magee v. Nassau County Medical Center*, 27 F. Supp. 2d 154 (E.D.N.Y. 1998) (same).

In *Barr v. Abrams*, the Second Circuit made clear that conclusory averments are not sufficient to state a claim under the civil rights laws:

> As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.

810 F.2d 358, 363 (2d Cir. 1987); *accord Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996) ("While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice.").

The Complaint in this case contains only conclusory averments that are designed to "shock but have no meaning" and fails to put the Defendants on notice of the factual grounds upon which plaintiff's claims are based. *Barr*, 810 F.2d at 363. The Complaint is therefore fatally deficient and must be dismissed. *Id.*; *Blanco,* 2007 U.S. Dist. Lexis 86890 at *7-8 (Brieant, J.) (dismissing conclusory allegations of discrimination).

## POINT II

### THE PLAINTIFF HAS FAILED TO STATE A CLAIM
### UPON WHICH RELIEF CAN BE GRANTED
### UNDER 42 U.S.C. § 1983

**A.   Plaintiff's Claims Under 42 U.S.C. § 1983 Must Be Dismissed As To Defendant City Of Mount Vernon Because Plaintiff Has Failed To Plead A *Monell* Claim**

As a matter of law, the City of Mount Vernon cannot be held liable in this lawsuit under 42 U.S.C. § 1983. Municipalities cannot be held liable under Section 1983 on a theory of respondeat superior. *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978); *Birmingham v. Ogden*, 70 F. Supp. 2d 353, 373 (S.D.N.Y. 1999). In order for a municipality to be held liable in a Section 1983 action, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995); *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983); *see also Perkins v. New York City Department of Correction*, 887 F. Supp. 92 (S.D.N.Y. 1995) (because respondeat superior is not available for claims brought pursuant to § 1983, "a Plaintiff must plead and prove a municipal policy and custom which caused an alleged constitutional violation"); *Moscowitz v. Brown*, 850 F. Supp. 1185, 1197 (E.D.N.Y. 1994) (dismissing plaintiff's claim of discrimination by police department because "plaintiff must demonstrate that defendant's actions were caused by a specific and identifiable official policy" in order to state a claim under § 1983).

The Complaint filed in this case does not allege the existence of any official policy or custom that caused the Plaintiff to suffer a constitutional deprivation. The Section 1983 claims asserted against Defendant City of Mount Vernon must therefore be dismissed. *See, e.g., Van Emrik v. Chemung County Dep't of Social Serv.*, 911 F.2d 863, 868 (2d Cir. 1990) (claim against County dismissed because plaintiff failed to adequately allege any custom or policy that County

contributed to denial of plaintiff's constitutional rights); *Blanco,* 2007 U.S. Dist. Lexis 86890 at *11 (Brieant, J.) ("Plaintiff does not cite any 'official custom or policy' that caused [a] violation of Plaintiff's rights. Nor has she established any persistent or widespread practice of discrimination by The Village that constitutes 'custom or usage.' Plaintiff's Amended Complaint does not allege sufficient facts to assert a §1983 claim against the [municipal employer].") *Claudio v. City of New York,* 423 F. Supp. 2d 170, 172 (S.D.N.Y. 2006) ("No practices of the City of New York are even mentioned in the instant Complaint, and even conclusory allegations of official custom or practice will fail to survive a motion to dismiss"); *Brodeur v. City of New York,* 1998 WL 557599, *7, *9 (S.D.N.Y. 1998) (dismissing complaint against municipal defendant because "the complaint fails to allege any policy or custom under which unconstitutional practices occurred. The conclusory allegations in the complaint relate only to how Plaintiff was treated, not to any policy or custom affecting the general populace or class of persons."); *Malone v. City of New York,* 2006 WL 2524197, *3 (E.D.N.Y. 2006) ("As Malone's pleadings contain no such allegations [of a custom or policy], his Section 1983 claims against the City must be dismissed."); *Garel v. City of New York,* 2005 WL 878571 (E.D.N.Y. 2005) (granting 12(b)(6) motion and dismissing Section 1983 claim: "plaintiff's assertions with respect to the existence of a policy are only conclusory, and insufficient to withstand a motion to dismiss"); *Davis v. County of Nassau,* 355 F. Supp. 2d 668 (E.D.N.Y. 2005) (granting 12(b)(6) motion and dismissing Section 1983 claim: "mere assertions that a municipality has a custom or policy of violating constitutional rights are insufficient to state a Section 1983 claim 'in the absence of allegations of fact tending to support, at least circumstantially, such an inference'"); *Dean v. New York City Transit Authority,* 297 F. Supp. 2d 549 (E.D.N.Y. 2004) (even under liberal notice pleading, "an allegation of municipal policy or custom [is] insufficient if wholly

conclusory"); *Smith v. City of New York*, 290 F. Supp. 2d 317 (E.D.N.Y. 2003) (dismissing Section 1983 and Section 1985 claims brought by African-American lesbian where pleading contained only "boilerplate" allegations of custom or policy).

**B.     The Section 1983 Claims Against The Individual Defendants Must Be Dismissed**

While the Complaint names several defendants individually in the caption of this action, there are no substantive allegations in the Complaint that provide even the slightest semblance of notice as to how these individuals allegedly violated the Plaintiff's civil rights. On this basis alone, the Complaint should be dismissed as against the individual defendants. *See, e.g., Blanco*, 2007 U.S. Dist. Lexis 86890 at *5-8 (Brieant, J.) (dismissing individual defendant for Plaintiff's failure to allege personal involvement: "'while the pleading standard is a liberal one, bold assertions and conclusions of law will not suffice.'") *Davis v. County of Nassau*, 355 F. Supp. 2d 668, 676-677 (E.D.N.Y. 2005) ("Even under the liberal notice pleading standard . . ., a Plaintiff must still allege particular *facts* indicating that an individual defendant was personally involved in the deprivation of the Plaintiff's constitutional rights; mere bald assertions and conclusions of law do not suffice.") (emphasis in the original; internal citations and quotations omitted); *Marable v. Kurtz*, 2000 WL 1279763 (S.D.N.Y. 2000) ("The courts have consistently held that, where the complaint names a defendant in the caption but no allegations indicating exactly how the defendant violated the law or injured the Plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted" (citation omitted)); *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883 (2d Cir. 1987) ("having failed to allege, as they must, that these defendants were directly and personally responsible for the purported unlawful conduct, [Plaintiffs'] complaint is fatally defective"); *Wallace v. Conroy*, 945 F. Supp. 628, 638 (S.D.N.Y. 1996) ("A complaint predicated on a § 1983 violation that fails to allege personal involvement is 'fatally defective on its face.'"); *Connell v. City of New York*, 2002 WL 22033 (S.D.N.Y. 2002) ("In addition, despite

conclusory allegations that various individuals engaged in a pattern or practice of discrimination, Plaintiff does not allege personal and direct involvement by these individuals in specific acts of employment discrimination. A bald assertion of a Section 1983 claim will not withstand a motion to dismiss.").

## C. The Plaintiff's Equal Protection Claim Is Too Conclusory

Plaintiff's first cause of action alleges in conclusory fashion, that he was discriminated against because of his race. Notably absent from the Complaint, however, is any allegation tying any of the alleged conduct to Plaintiff's race. Indeed, the Complaint makes absolutely no mention of what Plaintiff's race is. Moreover, the Complaint fails to allege that Plaintiff was treated any different than any other similarly situated individual. Plaintiff's equal protection claim must therefore be dismissed because it is based on conclusory averments that are insufficient to withstand this motion. *See, e.g., James v. Federal Reserve Bank of New York*, 2005 WL 1889859, *4 (E.D.N.Y. 2005) (conclusory assertions that plaintiff was "treated differently than similarly situated, younger, white, male employees" insufficient to defeat motion to dismiss §1981 claim); *Perry v. Sony Music*, 462 F. Supp. 2d 518 (S.D.N.Y. 2006) ("Other than this conclusory assertion [of discrimination], Perry provides no further detail manifesting any form of racial animus, discriminatory words, prior incidents or other indications that race played a role in Sony's decision to dismiss him."); *Uhlein v. County of Jefferson,* 2005 WL 928619 (N.D.N.Y. 2005) (collecting cases granting motions to dismiss where claims were based on conclusory averments); *Davis v. The County of Nassau*, 355 F. Supp. 2d 668, 679 (E.D.N.Y. 2005) (granting (12)(b)(6) motion dismissing conclusory Equal Protection claims); *Sweeny v. City of New York*, 2004 WL 744198 (S.D.N.Y. 2004) (granting 12(b)(6) motion; "the amended complaint fails to identify a single similarly situated police officer who was treated differently"); *Tamayo v. City of New York*, 2003 WL 21448366 (S.D.N.Y. 2003) (dismissing conclusory

discrimination claims); *Hill v. Phillip Morris USA*, 2004 WL 1065548 (S.D.N.Y. 2004) (dismissing civil rights claims alleging race discrimination where allegations of discrimination were conclusory); *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 325-326 (E.D.N.Y. 2004) (granting 12(b)(6) motion dismissing employment discrimination claims based on conclusory allegations); *Valle v. Bally Total Fitness*, 2003 WL 222445552 (S.D.N.Y. 2003) (granting 12(b)(6) motion dismissing complaint alleging plaintiff's employment was terminated because of his race, sex, national origin and age where the complaint contained no factual allegations supporting those claims); *Reyes v. Erickson*, 238 F. Supp. 2d 632 (S.D.N.Y. 2003) ("naked assertions by plaintiff that race was a motivating factor without a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's race are too conclusory").

To this end, in *Valle v. YMCA of Greater New York*, 2006 WL 2571946 (S.D.N.Y. 2006), Magistrate Maas granted a 12(b)(6) motion where, as here, the allegations of discrimination were conclusory:

> In his Third Amended Complaint, Valle asserts that Hawkins "decided to replace ... Valle[ ] with a younger work force in order to attract younger members." ... Yet, he offers no facts to support this assertion. He does not provide the names of these "younger members," the dates of their employment, their positions, or any other identifying information which would support his ADEA claim. In addition, Valle pleads no facts whatsoever in relation to his claims of discrimination based on race, gender, and national origin under Title VII. Accordingly, Valle's Title VII and ADEA claims should be dismissed.

*Id.* at *6; *accord Mehrhoff*, 2005 WL 2077292 ("Plaintiff fails to support her claims of discrimination with any specific events, names or dates relating to the alleged discrimination based on her gender, age and sexual orientation. She merely makes broad and conclusory averments that she was selectively treated because of her sexual orientation, gender and age and this selective treatment led to her termination.").

58980.1 1/29/2008

Moreover, in *Amofa v. Bronx Lebanon Hosp.*, 2006 WL 3316278 (S.D.N.Y. 2006), Judge Stein of this Court granted a 12(b)(6) motion dismissing employment discrimination claims and held in language that is fully applicable here:

> Although Amofa apparently claims that he was terminated for a discriminatory reason, none of [his] allegations indicates that the incident that preceded his termination came about because of his race, color or unspecified national origin. . . Amofa's pleadings do not draw any connection between Ms. Fine's actions on one hand and his race, color or national origin on the other. Nor do Amofa's pleadings draw any connection between Bronx-Lebanon's decision to terminate him and either his race, color or national origin.

Much like the plaintiffs in *Valle, Mehrhoff* and *Amofa,* Plaintiff in this case has failed to plead any facts that his race had anything whatsoever to do with his not being promoted from the civil service list. As such, the complaint must be dismissed.

### D.    Plaintiff Does Not Have A Constitutionally Protected Property Interest In Being Promoted

As for his second claim for an alleged due process violation, Plaintiff argues that he a property interest in being appointed from the list. The Second Circuit has made it clear that no such claim exits. *McEnemy v. City of Rochester*, 241 F.3d 279, 288 (2d Cir. 2001) *citing Deas v. Levitt*, 73 N.Y.2d 525, 541 N.Y.S.2d 958 (1989). This claim must, consequently, be dismissed. *Id; see also Hartley v. The Human Resources Administration*, 132 A.D.2d 699, 518 N.Y.S.2d 178 (2d Dep't 1987) (dismissing Section 1983 brought by candidate on a civil service list: "the petitioner had no property right with regard to the new appointment"); *Wagner v. New York City Transit Authority*, 266 A.D.2d 304, 698 N.Y.S.2d 46 (2d Dep't 1999) ("a candidate for promotion does not acquire any protected property interest merely by reason of his placement on an eligible list"); *Napoli v. Levitt*, 176 A.D.2d 668, 575 N.Y.S.2d 665 (1st Dep't 1991) ("successful completion of this civil service examination did not create a property interest in appointment to the position for which the petitioners applied"); *Wang v. New York City*

*Department of Correction*, 1994 WL 150823, *4 at n.2 (S.D.N.Y. 1994) (internal citations and quotations omitted) ("In his complaint, Wang seems to allege that a passing score on the Civil Service examination somehow entitles him to appointment, leaving discrimination against his race and national ancestry as the sole reason for the DOC's failure to hire him. A candidate's appearance on a civil service list does not guarantee the appointment to the position for which he applied … It merely provides the eligible applicant with the right to be considered for a civil service position. Therefore, it is clear that the fact that Wang passed the civil service exam did not, by itself, entitle him to the position he sought").

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed in its entirety.

Dated: Garden City, New York
January 29, 2008

                                            Respectfully submitted,

                                            BOND, SCHOENECK & KING, PLLC

                                            By: /s/Howard M. Miller
                                            Howard M. Miller (HMM: 4538)
                                            Attorneys for Defendants
                                            1399 Franklin Avenue
                                            Garden City, New York 11530
                                            (516) 267-6318

Of Counsel:
    Terry O'Neil
    Jessica C. Satriano

58980.1 1/29/2008

# CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2008 the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Andrew P. Fleming, Esq.
Chiacchia & Fleming, LLP
5113 South Park Avenue
Hamburg, New York 14075

                                s/ Howard M. Miller
                                Howard M. Miller (HMM: 4538)
                                Bond, Schoeneck & King, PLLC
                                Attorneys for Defendants
                                1399 Franklin Avenue, Suite 200
                                Garden City, New York 11530
                                (516) 267-6318

58980.1 1/29/2008