JOSEPH J. CARROLL,

                Plaintiff,

**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT**

Index No. 07-CV-11577

-vs-

CITY OF MOUNT VERNON,

ERNEST D. DAVIS, Individually and as Mayor
of the City of Mount Vernon

CITY OF MOUNT VERNON DEPARTMENT OF FIRE,

and

NICHOLAS CICCHETTI, Individually and as Commissioner
of Fire for the City of Mount Vernon

                Defendants.

PLEASE TAKE NOTICE that on a day and time to be determined, Plaintiff will move this Court at a date and time to be determined for an order granting Plaintiff leave to amend the Complaint to add a cause of action against Defendants for unlawful racial discrimination, pursuant to 42 U.S.C. § 2000e *et seq.*

Dated: April 14, 2008
Hamburg, New York

Respectfully submitted,

Andrew P. Fleming, Esq.
***CHIACCHIA & FLEMING, LLP***
Attorneys for the Plaintiff
5113 South Park Avenue
Hamburg, New York 14075
Telephone: 716-648-3030
andy@cf-legal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH J. CARROLL,

                Plaintiff,

-vs-

CITY OF MOUNT VERNON,

ERNEST D. DAVIS, Individually and as Mayor
of the City of Mount Vernon

CITY OF MOUNT VERNON DEPARTMENT OF FIRE,

and

NICHOLAS CICCHETTI, Individually and as Commissioner
of Fire for the City of Mount Vernon

                Defendants.

**ATTORNEY AFFIRMATION IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

**Index No. 07-CV-11577**

---

Andrew P. Fleming, Esq., affirms the following under the penalties of perjury that:

1. I am an attorney licensed to practice in New York State and admitted to practice before the District Court for the Southern District of New York. I am partner in the law firm of CHIACCHIA & FLEMING, LLP, attorneys for the plaintiff herein. As such, I am fully familiar with the facts and proceedings in this matter.

2. I respectfully submit this affirmation in support of the plaintiff's motion for leave to amend the Complaint on behalf of the Plaintiff to add a cause of action against the Defendants for

unlawful racial discrimination prohibited by 42 U.S.C. § 2000e ("Title VII"). A copy of Plaintiffs' *Proposed Amended Complaint* is attached hereto as **Exhibit "A"**.

3. This action was commenced against Defendants by service of a Summons and Complaint seeking injunctive and monetary relief as a result of Defendants' actions taken against Plaintiff on the basis of Plaintiff's race in violation of the Equal Protection and Due Process clauses of the United States Constitution.

4. Originally, the action was limited to the aforementioned constitutional violations as Plaintiff had not yet exhausted his prerequisite administrative remedies with respect to his Title VII racial discrimination claim.

5. Plaintiff received his Notice of Right to Sue from the EEOC on or about March 21, 2008. He is still within his statute of limitations period to initiate a new and independent cause of action against each of the Defendants on that basis.

6. Because Plaintiff is still within his time to commence a new and independent cause of action against Defendants, it is respectfully submitted that, for purposes of judicial economy, it would be significantly more efficient to simply amend the Complaint herein and resolve the issues contemporaneously.

**Proposed Amended Complaint**

7.     The facts alleged in the *Proposed Amended Complaint* are quite similar to those in the original Complaint.

8.     Plaintiff has, however, proposed an additional cause of action (set forth in the proposed FIRST CLAIM FOR RELIEF) against Defendants for violations of Title VII.

9.     Specifically, Plaintiff has proposed the **FIRST CLAIM FOR RELIEF** for the Defendants' failure and/or refusal to appoint Plaintiff to the promotional vacancy for which he was both eligible and qualified to fill on the sole basis of Plaintiff's race and to appease various African-American protestors who objected to the appointment of Plaintiff solely on the basis of Plaintiff's race.

10.    No party will be prejudiced by the relief sought herein.

WHEREFORE, it is hereby respectfully requested that the Court grant Plaintiff leave to file the *Proposed Amended Complaint* on behalf of the Plaintiff against the Defendants and for such other and additional relief as this Court may deem just and proper.

Dated: April 14, 2008
       Hamburg, New York

Respectfully submitted,

_____
Andrew P. Fleming, Esq.
***CHIACCHIA & FLEMING, LLP***
Attorneys for the Plaintiffs
5113 South Park Avenue
Hamburg, New York 14075
Telephone: 716.648.3030
andy@cf-legal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JOSEPH J. CARROLL,

                       Plaintiff,                          **PROPOSED
                                                                   AMENDED COMPLAINT**

                                                                   Index No. 07-CV-11577

-vs-

CITY OF MOUNT VERNON,

ERNEST D. DAVIS, Individually and as Mayor
of the City of Mount Vernon

CITY OF MOUNT VERNON DEPARTMENT OF FIRE,

and

NICHOLAS CICCHETTI, Individually and as Commissioner
of Fire for the City of Mount Vernon

                       Defendants.
_____

The Plaintiff, by his attorneys Chiacchia & Fleming, LLP, Andrew P. Fleming, Esq., *of counsel*, as and for his Amended Complaint against the Defendants, hereby alleges that:

**NATURE OF CLAIM**

1.     This is an action for employment discrimination. It is brought to secure relief, legal and equitable, for unlawful employment practices on the basis of race brought under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*) and 42 U.S.C. § 1983 *et seq.* to remedy violations of Plaintiff's rights pursuant to the Equal Protection clause of the United States

Constitution.

2.  Equitable relief, including appointment of Plaintiff to the applicable promotional position, together with money damages, including back pay, front pay, compensatory damages, attorneys' fees and other appropriate legal relief are sought.

## JURISDICTION

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C §§ 1331 and 1343 as the matters arise under the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

4.  Venue is proper in the Southern District of New York as the events and actions complained of occurred herein.

## PARTIES

5.  At all times hereinafter mentioned the Plaintiff, JOSEPH J. CARROLL, (hereinafter "CARROLL") is a Caucasian male and New York resident residing in the County of Westchester.

6.  At all times hereinafter mentioned, and upon information and belief, Defendant CITY OF MOUNT VERNON (hereinafter referred to as "CITY") was and still is a domestic municipal corporation organized and existing under the laws of the State of New York. At all relevant times herein, the CITY was and is Plaintiff's employer.

7.  At all times hereinafter mentioned, and upon information and belief, Defendant ERNEST D. DAVIS (hereinafter "MAYOR") was the Mayor of the City of Mount Vernon until or about December 31, 2007 at which time he was superceded by newly elected Mayor, Clinton Young.

8.  At all times hereinafter mentioned, and upon information and belief, Defendant CITY

OF MOUNT VERNON DEPARTMENT OF FIRE (hereinafter referred to as "DEPARTMENT") was and still is a domestic municipal entity duly organized and existing under the laws of the State of New York. DEPARTMENT was and is Plaintiff's employer.

9. At all times hereinafter mentioned, and upon information and belief, Defendant NICHOLAS CICCHETTI (hereinafter referred to as "COMMISSIONER") was and still is a resident of the County of Westchester and State of New York and, upon information and belief, and he;d the position of the Commissioner of Fire for Defendant DEPARTMENT at all relevant times herein and until on or about November 19, 2007 and is sued in both his official and individual capacities.

## STATEMENT OF CLAIM

10. In or around 1979, a fraternal organization known as the Vulcan Society of Westchester County, Inc., ("The Vulcan Society") together with other plaintiffs, commenced a lawsuit ("Lawsuit") against numerous defendants, including Defendants CITY and DEPARTMENT herein.

11. The Vulcan Society, upon information and belief, is composed of and exists for the sole purpose of representing the interests of a contingency of African-American men in the Westchester area.

12. On or around April 17, 1981, The Vulcan Society, City and DEPARTMENT, among other parties, entered into a Consent Decree to resolve the Lawsuit.

13. The Consent Decree governs some aspects as it relates to the CITY's and DEPARTMENT's civil service testing, scoring, ranking, hiring and promotions of applicants and employees, however, New York State Civil Service Law governs the aspects not provided for in the Consent Decree.

14. The Consent Decree does not prohibit the promotional appointment of eligible Caucasian individuals.

15. The Consent Decree does not preclude the DEPARTMENT or COMMISSIONER from extending any civil service list.

16. Plaintiff began his employment in the DEPARTMENT in 1988 and currently holds the position of Firefighter.

17. On or about March 27, 2004, Plaintiff took and passed the promotional Civil Service Examination No.: 75-608 for Fire Lieutenant.

18. The civil service list for said examination was created on or about July 19, 2004.

19. Plaintiff ranked 9th on the list. However, after several appointments were made from the list, Plaintiff ranked 3rd on the list and, thereby, became eligible to interview and be selected for the next available appointment.

20. On or about January 9, 2006, the COMMISSIONER requested that the list be extended for a year, thereby making the list expire on July 18, 2007.

21. Upon information and belief, one appointment was made from said list subsequent to its original expiration date of July 18, 2006 but before its final expiration of July 18, 2007.

22. On or around March 14, 2007, Plaintiff was interviewed for a vacant position of Fire Lieutenant. However, Plaintiff was not hired for said position and Plaintiff's rank moved to 2nd on the list.

23. On or about March 24, 2007, Civil Service Examination No.: 71-665 was administered. Plaintiff took and passed this examination, however, he ranked #16 on same.

24. By June 2007, two more Fire Lieutenant vacancies occurred which allowed both Plaintiff and the individual ranking 1st on the 2004 list to be promoted.

25. Plaintiff was notified to appear for an interview at the Mayor's office on July 5, 2007.

26. Plaintiff appeared for said meeting, whereupon he encountered numerous African-American members of the Vulcan Society who had gathered to protest the appointment of Plaintiff, a Caucasian male.

27. Ultimately, Plaintiff was informed by the CITY's Chief of Staff, John DiBlasi, that although everything "looked good" for Plaintiff's promotion, it was not going to happen because The Vulcan Society had challenged and opposed the promotion of a Caucasian male.

28. Thereafter, on or about July 10, 2007, the CITY promulgated a new civil service list, from the 2007 Examination, thereby, immediately expiring the 2004 list that Plaintiff appeared on and was eligible to be promoted from.

29. Upon information and belief, The Vulcan Society was aware that the results of the 2007 list included at least one African-American candidate who ranked high enough to be eligible for appointment and, thus, opposed the appointment of Plaintiff, on the basis of his race, in order to create room for the African-American candidate.

30. Upon information and belief, the Defendants considered Plaintiff's race in denying him the appointment for which he was eligible and otherwise would have received, but for his race.

31. Upon further information and belief, had Plaintiff been African-American, the CITY and DEPARTMENT would have appointed him to the position of Fire Lieutenant on or about July 9, 2007 before the new list was promulgated.

32. As a result of the foregoing, Plaintiff has lost various economic opportunities, including increased salary and benefits over the course of the last four months. Moreover, Plaintiff is now at least nine months behind in his ability to move up the ranks of the DEPARTMENT.

33. Moreover, because Plaintiff ranked only at position 16 on the 2007 list, he is, as a

result, not eligible for promotion.

34. In addition, the Plaintiff, in order to once again become eligible for promotion on any new Civil Service list will have to wait to re-take his Civil Service Examination. All of the time and effort put in by the Plaintiff to pass his test in the past will have been for nought if the relief requested herein is not granted. The long-term effects on Plaintiff's earnings, employment and pension benefits, and career is significant.

35. Within 300 days of the events complained of herein, Plaintiff filed a timely charge of discrimination with the EEOC and has since been issued his Notice of Right to Sue, which was received by him on or about March 21, 2008.

36. All administrative remedies prerequisite to this action have been exhausted or waived.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
(Race Discrimination under 42 U.S.C. § 2000e, *et seq.*)

37. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "36" of this Complaint with the same force and effect as if fully set forth herein.

38. Defendants discriminated against Plaintiff in the terms and conditions of his employment because of his race.

39. Specifically, Defendants refused to hire Plaintiff to the position of Fire Lieutenant solely because Plaintiff is Caucasian and because the Vulcans objected to the hiring of Plaintiff to the position of Fire Lieutenant because Plaintiff is Caucasian and by otherwise treating Plaintiff in a disparate manner on the basis of his race.

40. Plaintiff was eligible and qualified to hold the position of Fire Lieutenant.

41. Plaintiff was set to be hired into the vacant position of Fire Lieutenant.

42. Plaintiff was not hired into the vacant position of Fire Lieutenant on the sole basis that the Vulcans objected to said promotional appointment because of Plaintiff's race.

43. The Defendants' refusal to promote Plaintiff in an effort to appease the Vulcan Society's objections constitutes unlawful racial discrimination inasmuch as the Defendants, in denying Plaintiff said promotion, unlawfully and improperly considered Plaintiff's race in making the adverse employment decision.

44. The above acts and practices of the Defendants constitute unlawful discriminatory employment practices within the meaning of Title VII.

45. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the Defendants' discriminatory practices unless and until this Court grants relief and an award, *inter alia*, of immediate appointment and/or reinstatement of Plaintiff to the applicable promotional position, together with back pay, front pay, reimbursement for lost benefits and compensatory damages against the Defendants, including an award for his past and future pain and suffering.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### (Violation of Equal Protection)

46. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "45" of this Complaint with the same force and effect as if fully set forth herein.

47. Defendants discriminated against Plaintiff in the terms and conditions of his employment because of his race.

48. Defendants treated Plaintiff differently than persons similarly situated to him, including those persons who had been promoted to vacant Fire Lieutenant positions from the same

Civil Service eligibles list that Plaintiff was eligible to be promoted from.

49. Defendants have imposed and enforced official or unofficial policies, customs, regulations and employment practices differently with respect to civil service candidates and/or employees of Defendants, so that Plaintiff has been treated unequally and has less protection from constitutional violations and adverse employment actions on the basis of his race than do other civil service candidates and/or Vulcan Society members, so similarly situated.

50. Defendants cannot provide a rational basis for the disparate treatment.

51. The actions of the Defendants, acting under color of state law, served to deprive Plaintiff of his clearly established rights to Equal Protection under the law as guaranteed by the United States Constitution.

52. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the Defendants' discriminatory practices unless and until this Court grants relief and an award, *inter alia*, of immediate appointment and/or reinstatement of Plaintiff to the applicable promotional position, together with back pay, front pay, reimbursement for lost benefits and compensatory damages against the Defendants, including an award for his past and future pain and suffering.

    WHEREFORE, Plaintiff respectfully requests judgment against the Defendants as follows:

(A) An award of damages for Plaintiff as against Defendants, individually and officially, including back pay, front pay, reimbursement for lost employment benefits, lost pension accumulation and earnings, compensatory damages and punitive damages in such amounts to be determined by the trier of fact on each Cause of Action;

(B) An order promoting Plaintiff to the position of Fire Lieutenant;

(C) A Declaratory Judgment that a refusal to appoint an eligible individual to a vacant civil service position on the basis of the individual's race is unlawful and in violation of Title VII and/or the United States Constitution; and

(D) An award of costs and disbursements necessary to this action, attorneys' fees, and for such other relief as this Court deems just and proper.

Dated: April 7, 2008
Hamburg, New York

Andrew P. Fleming, Esq., *Of Counsel*
**CHIACCHIA & FLEMING, LLP**
*Attorneys for Plaintiff*
5113 South Park Avenue
Hamburg, New York 14075
Telephone: (716) 648-3030
E-Mail: andy@cf-legal.com

S:\MyFIles\CLIENTS\Carroll.Joseph\MountVernon.101\proposed amended complaint.wpd