UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
JOSEPH J. CARROLL,

                Plaintiff,

  -against-                                Index No.: 07-cv-11577

CITY OF MOUNT VERNON,

ERNEST D. DAVIS, Individually and as Mayor
of the City of Mount Vernon

CITY OF MOUNT VERNON DEPARTMENT
OF FIRE,

and

NICHOLAS CICCHETTI, Individually and as
Commissioner of Fire for the City of Mount Vernon

                Defendants.
------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS AMENDED COMPLAINT**

## TABLE OF CONTENTS

Page

THE AMENDED COMPLAINT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

    POINT I
        STANDARD OF REVIEW ................................................................................... 3

    POINT II
        THE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON
        WHICH RELIEF CAN BE GRANTED UNDER TITLE VII OR
        THE EQUAL PROTECTION CLAUSE ............................................................... 5

CONCLUSION ............................................................................................................................... 6

## **THE AMENDED COMPLAINT**

Plaintiff began his employment with the City of Mount Vernon Fire Department in 1988 and currently holds the position of Firefighter. (Amended Complaint at ¶ 16). Plaintiff is Caucasian. (Amended Complaint at ¶ 5). On or about March 27, 2004, Plaintiff took and passed the promotional Civil Service Examination No. 75-608 for Fire Lieutenant. (Amended Complaint at ¶ 17). The civil service list for said examination was created on or about July 19, 2004. (Amended Complaint at ¶ 18). Plaintiff ranked 9th on the list. (Amended Complaint at ¶ 19). However, after several appointments were made from the list, Plaintiff moved up the list so that he was ranked third, thereby becoming eligible to interview and be selected for the next available appointment. (Amended Complaint at ¶ 19).

On or about January 9, 2006, Fire Commissioner Nicholas Cicchetti requested that the list be extended for a year, thereby making the list expire on July 18, 2007. (Amended Complaint at ¶ 20). On or around March 14, 2007, Plaintiff was interviewed for a vacant position of Fire Lieutenant. (Amended Complaint at ¶ 22). However, when someone other than the Plaintiff was hired for said position, Plaintiff's rank moved up to second on the list. (Amended Complaint at ¶ 22). The Amended Complaint does not allege the race of the individual who was hired for said position, or provide any other identifying information as to who the individual was who filled the position. Public records of which this Court can take judicial notice, however, demonstrate that the promotion was given on March 16, 2007 to Michael Brown, a Caucasian firefighter. (*See* Miller Aff. Ex. A).[1]

---

[1] The Court may consider the public records attached to the Miller Affidavit without converting this Motion into one for Summary Judgment. *See Kempkes v. Downey*, 2008 WL 852765, *3 (S.D.N.Y. 2008) (court may consider public records on a motion to dismiss); *Evans v. New York Botanical Garden*, 2002 WL 31002814 (S.D.N.Y. 2002) (court may take judicial notice of public records on motion to dismiss); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) (taking judicial notice of disclosure statements required by law to be filed with the Securities Exchange Commission).

By June 2007, two more Fire Lieutenant vacancies occurred which allowed both Plaintiff and the individual ranking 1st on the list to be promoted. (Amended Complaint at ¶ 24). The Amended Complaint does not allege the race of the first ranked individual or whether that person was appointed.

Plaintiff was notified to appear for an interview at the Mayor's office on July 5, 2007. (Amended Complaint at ¶25). Plaintiff appeared for said meeting, whereupon he encountered numerous members of the Vulcan Society who had gathered to protest the appointment of Plaintiff. (Amended Complaint at ¶26).

Ultimately, Plaintiff was informed by the City's Chief of Staff, John DiBlasi, that although everything "looked good" for Plaintiff's promotion, it was not going to happen because the Vulcans had challenged and opposed the promotion of a Caucasian. (Amended Complaint at ¶ 27).

On or about July 10, 2007, the City promulgated a new civil service list (the "New List"), thereby, expiring the 2004 list on which the Plaintiff appeared. (Amended Complaint at ¶ 28). Upon retaking the Civil Service Examination in March 2007, Plaintiff was ranked sixteenth on the New List, and, consequently, is not presently eligible for promotion. (Amended Complaint at ¶ 33).

The Amended Complaint does not allege the race of any of the individuals promoted from the New List. Public records of which this Court can take judicial notice demonstrate that two Caucasians and one African-American were promoted to Fire Lieutenant in December 2007 from the New List. (*See* Miller Aff. Exs. B, C).

The present litigation ensued.

# ARGUMENT

## POINT I

### STANDARD OF REVIEW

The United States Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955 (2007) controls this case.

It is undisputed that prior to *Twombly* the applicable standard of review for motions to dismiss was governed by *Conley v. Gibson*, 355 U.S. 41 (1957). In *Twombly*, however, the United States Supreme Court "explicitly disavowed the oft-quoted statement in *Conley* ... 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Iqbal v. Hasty*, 490 F.3d 143, 155 (2d Cir. June 14, 2007) (explaining the implications of *Twombly* on "the standard for assessing the adequacy of pleadings"). Ringing the death knell for *Conley*, the *Twombly* Court held that the "no set of facts" language "has earned its retirement" and "is best forgotten." *Twombly*, 127 S. Ct. at 1969.

In *Conley*'s place, the Court announced a new standard by which courts should adjudge the adequacy of pleadings. Now, to survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. As the Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65. Rather, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and the line "between the factually neutral and the factually suggestive ... must be crossed to enter the realm of plausible liability." *Id.* at 1965, 1966 n. 5; *Blanco v. Brogan*, 2007 U.S. Dist. Lexis 86890, *8

(S.D.N.Y. 2007) ("the Plaintiff must allege some facts that support the elements of the claim alleged, in order to defeat [a motion to dismiss]"). Thus, the new governing standard is one of "plausibility," not conclusory speculation. *Twombly*, 127 S. Ct. at 1968.

Since this new standard has been strictly applied in employment discrimination cases, it governs this case. *See, e.g., Ruotolo v. City of New York*, 2008 WL 313795 (2d Cir. 2008) (citing *Twombly* as applicable standard and affirming dismissal of retaliation claim on a 12(b)(6) motion); *Reyes v. City Univ. of N.Y.*, 2007 WL 2186961, *5 (S.D.N.Y. 2007) (dismissing retaliation claim on a motion to dismiss in light of *Twombly* because Plaintiff "has not 'amplif[ied] his claim with some factual allegation in those contexts where some amplification is needed to render the claim plausible.'"); *Blanco*, 2007 U.S. Dist. Lexis 86890 at *6-8 (dismissing conclusory sex-based discrimination claims against police chief and municipal employer brought by police officer); *see also Marrero-Gutierrez v. Molina*, 491 F.3d 1, 9-10 (1st Cir. 2007) (citing *Twombly* and affirming dismissal of wrongful demotion claim where allegations in complaint were too speculative to draw inference of discrimination).

As will be demonstrated below, the Amended Complaint in this case is completely devoid of any allegations that push it across the line of pure speculation and into the realm of plausibility. Indeed, public records of which this Court can take judicial notice demonstrate that the Amended Complaint cannot possibly state a plausible claim. The Amended Complaint is therefore fatally deficient and must be dismissed. *Twombly*, 127 S. Ct. at 1973 n. 14 ("the complaint warranted dismissal because it failed *in toto* to render Plaintiffs' entitlement to relief plausible").

61259.1 8/15/2008

## POINT II

### THE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER TITLE VII OR THE EQUAL PROTECTION CLAUSE

The thrust of the two claims asserted in the Amended Complaint is that Plaintiff was passed over for promotion to the position of Fire Lieutenant because of his race in violation of Title VII and the Equal Protection Clause. As a threshold matter, although Plaintiff's claims are asserted under two different theories, his Title VII and Equal Protection claims are both judged under the same legal standard. *Tilghman v. Waterbury Board of Education*, 154 Fed. Appx. 221 (2d Cir. 2005).

Plaintiff's claims are based on his belief that in 2007 he was not promoted to the position of Fire Lieutenant because he is Caucasian. However, the Civil Service records, disprove Plaintiff's claims. From the date of Plaintiff's interview on March 14, 2007 through the end of 2007, the City promoted four firefighters to the position of Fire Lieutenant. Three of these four promotions were given to Caucasian individuals. Specifically:

- On March 16, 2007, Michael Brown was promoted. Michael Brown is Caucasian. (Miller Aff. Ex. A).

- On December 14, 2007, Joseph Dalo was promoted. Joseph Dalo is Caucasian. (Miller Aff. Ex. B).

- Also on December 14, 2007, Justin Chase was promoted. Justin Chase is Caucasian. (Miller Aff. Ex. C).

On this record, Plaintiff simply cannot state a plausible claim that he was not promoted in 2007 because he is Caucasian. *See, e.g., Pointer v. Columbia Univ.*, 1998 WL 898313, *5 (S.D.N.Y. 1998) (dismissing race and gender discrimination claims where another black female was given the position the plaintiff sought); *Samuels v. N.Y. Dep't of Correctional Services*, 1997 WL 253209, *5 (S.D.N.Y. 1997) (black female plaintiff failed to establish a claim of race

discrimination where two of the four promotions she complained of were given to black males); *Constance v. Pepsi Bottling Co.*, 2007 WL 2460688, *20 (E.D.N.Y. 2007) ("As two of the four positions were given to black individuals, members of plaintiff's protected group, any inference of race discrimination is removed."); *Johnson v. State of Connecticut Dep't of Corrections*, 392 F. Supp. 2d 326, 338 (D. Conn. 2005) (black male plaintiff could not state failure to promote claim where black male and white male were promoted to the two open positions); *see also Harmon v. Runyon*, 1997 WL 786383, *5 (S.D.N.Y. 1997) (plaintiff could not show she was treated differently than similarly situated individuals outside her protected class where three members of her protected class were not subjected to the same adverse employment action as was plaintiff).

In short, while Plaintiff may be disappointed that he has not yet been promoted to the Fire Lieutenant position he desires, that disappointment does not give rise to a race discrimination claim. Three Caucasians were promoted from the relevant Civil Service lists to the very position Plaintiff, also a Caucasian, now seeks.

Under Supreme Court precedent, since Plaintiff's race discrimination claims are manifestly implausible, they must be dismissed. Defendants should not have to bear the burden of defending against such implausible claims and incur the costs of discovery. *See Twombly*, 127 S. Ct. at 1967 ("It is no answer to say that a claim just shy of a plausible entitlement to the list can, if groundless, be weeded out easily in the discovery process through 'careful case management'...").

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed in its entirety.

61259.1 8/15/2008

Dated:      Garden City, New York
               August 15, 2008

                                            Respectfully submitted,

                                            BOND, SCHOENECK & KING, PLLC

                                            By: _____
                                                 Jessica C. Satriano (JS0981)
                                                 *Attorneys for Defendants*
                                                 1399 Franklin Avenue, Suite 200
                                                 Garden City, New York 11530
                                                 (516) 267-6300
                                                 jsatriano@bsk.com

Of Counsel:
    Terry O'Neil
    Howard M. Miller

Case 7:07-cv-11577-CS    Document 20    Filed 08/15/2008    Page 10 of 10

CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2008 the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Andrew P. Fleming, Esq.
CHIACCHIA & FLEMING, LLP
5113 South Park Avenue
Hamburg, New York 14075

_____
Jessica C. Satriano (JS0981)
*Attorneys for Defendants*
1399 Franklin Avenue, Suite 200
Garden City, New York 11530
(516) 267-6300
jsatriano@bsk.com

8

61259.1 8/15/2008